IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.	CASE NO.: 1:08cr14-SPM/AK

JERMIAH JOYNER, JR.,

    Defendant.
_____/

**ORDER DENYING MOTION TO DISMISS INDICTMENT**

THIS CAUSE comes before the Court upon Defendant's motion to dismiss Count Two of his indictment (doc. 126) on the basis that the evidence to support the charge is legally insufficient.  The Government has filed a response in opposition (doc. 134).

Count One charges Defendant with conspiracy to distribute and possess with intent to distribute crack cocaine.  The dates of this conspiracy run from January 2003 through May 15, 2008.  Count Two of the indictment charges Defendant with possession of a firearm in furtherance of drug trafficking, in violation of Title 18, United States Code, Section 924(c). Count Two is based on Defendant's arrest on February 17, 2008, which is within the time of the conspiracy.  Before the officer could search Defendant's vehicle, Defendant told police that there was a handgun inside the vehicle, inside of a bag.  During the search, the officer did not discover any contraband or controlled substances. However, the officer did find a white substance commonly sold under the name

of Comeback. Comeback is allegedly used to adulterate or "cut" cocaine.

The officer discovered a compartment that was located behind the back seat–the back seat had to be folded down in order to gain access to this compartment. Inside that compartment was a black bag. Inside of that black bag was a clear plastic bag that contained Comeback. Beside the Comeback was a Glock model handgun, which was also secured inside of the bag. The handgun had no bullet in the chamber and no clip.

A conviction of the offense possession of a firearm in furtherance of a drug-trafficking offense "requires that the prosecution establish that the firearm helped, furthered, promoted, or advanced the drug trafficking." United States v. Timmons, 283 F.3d 1246, 1252 (11th Cir. 2002). The Court further found that "the presence of a gun within the defendant's dominion and control during a drug trafficking offense is not sufficient by itself to sustain a § 924(c) conviction." Id. The Government must show "some nexus between the firearm and the drug selling operation." Id. (quoting United States v. Finley, 245 F.3d 199, 202 (2d Cir. 2001)). A few ways that this nexus can be established is by the following factors: 1) "the type of drug activity that is being conducted;" 2) the "accessibility of the firearm;" 3) "the type of the weapon;" 4) "whether the weapon is stolen;" 5) the status of the possession (legitimate or illegal); 6) "whether the gun is loaded;" 7) "proximity to the drugs or drug profits;" and 8) "the time and circumstances under which the gun is found." Id. (quoting United States v. Ceballos-Torres, 218

F.3d 409, 413 (5th Cir. 2000)).  Although the merits of Defendant's argument are strong, and Defendant has identified the weakness of the evidence supporting the nexus between his handgun possession and his alleged drug trafficking activity, his motion must be denied for procedural reasons.

Defendant is arguing that there is a lack of sufficient evidence to charge him with the offense listed in Count Two of the indictment.  As stated in United States v. Critzer, 951 F.2d 306 (11th Cir. 1992), and then reiterated clearly in United States v. Salman, 378 F.3d 1266, 1268 (11th Cir. 2004),  "[t]here is no summary judgment procedure in criminal cases."  "Nor do the rules provide for a pre-trial determination of the sufficiency of the evidence." Salam, 378 F.3d 1266 (quoting Critzer, 951 F.2d at 307).  "A motion for acquittal under Rule 29 is the proper avenue for contesting the sufficiency of the evidence in criminal cases because there is no explicit authority to grant a pre-trial judgment as a matter of law on the merits under the Federal Rules of Criminal Procedure." Salman, 378 F.3d at 1268.

A pre-trial evaluation of an indictment determines whether it is "sufficiently specific to inform the defendant of the charge against him and to enable him to plead double jeopardy in any future prosecutions for the same offense." United States v. Yonn, 702 F.2d 1341, 1348 (11th Cir. 1983)(citing Hamling v. United States, 418 U.S. 87 (1974)).  As long as the language in the four-corners of the indictment sets forth the essential elements of a crime, the indictment will stand.

Id.  In this case, because the Government properly indicted Defendant and the language of the indictment conveys the necessary information, the Government is entitled to present its evidence at trial.  Therefore, in accordance with binding Eleventh Circuit precedent, this Court is prohibited from evaluating this case on the merits and ruling on the sufficiency of the Government's evidence.  This would be the case even if the Defendant and the Government stipulated to the facts contained in the arresting officer's police report.  Salman, 378 F.3d at 1267 n.4.  Accordingly, it is ORDERED AND ADJUDGED that Defendant's motion to dismiss Count Two (doc. 199) is **denied**.

DONE AND ORDERED this sixth day of May, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge